UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:25-cv-03165-SSS-SPx | Date | January 22, 2026 |
|---|---|---|---|
| Title | *Juan Nieto v. Wal-Mart Associates, Inc. et al.* | | |

Present: The Honorable  SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 8]**

Before the Court is Plaintiff's Motion to Remand Case to San Bernardino County Superior Court filed on December 23, 2025.  [Dkt. No. 8, "Motion"]. Defendants submitted an Opposition on January 9, 2026.  [Dkt. No. 11, "Opposition" or "Opp."].  The Court **DENIES** the Motion.

## I.    FACTUAL AND LEGAL BACKGROUND

This case arises from alleged workplace discrimination and retaliation experienced by Plaintiff Juan Nieto.  Plaintiff is a resident of Riverside County in the State of California.  [Dkt. No. 1-2 at 7, "Complaint"].  Around November 10, 2023, Plaintiff began working for Defendant Wal-Mart Associates, Inc. ("Walmart") as a seasonal warehouse floor associate.  [*Id.* at 10].  Plaintiff was diagnosed with cancer at some time, which required him to take medical leave of absence around December 12, 2024.  [*Id.*].  According to the Complaint, Plaintiff's medical provider informed Plaintiff that Defendant was requiring the medical provider to submit paperwork in addition to forms required by statute.  [*Id.*]. Plaintiff requested additional time to complete his paperwork, which Defendant allegedly denied.  [*Id.* at 11].

After a series of communications with individuals in Human Resources, Plaintiff was informed that he was terminated.  [Complaint at 11],

On August 27, 2025, Plaintiff filed the underlying suit against Defendant in the San Bernardino County Superior Court, bringing various state law claims alleging discrimination and other violations of California law.  [*See generally* Complaint].

Defendant Wal-Mart removed the suit to federal court on November 24, 2025, on the basis of diversity jurisdiction.  [*See* Dkt. No. 1, "Notice of Removal"].  In the Notice of Removal, Defendant contends that complete diversity of citizenship exists, and that the amount in controversy exceeds the jurisdictional amount of $75,000.  [Notice of Removal at 3–10].

Plaintiff now seeks to remand the case back to the San Bernardino County Superior Court, challenging the existence of complete diversity of citizenship as well as whether the amount in controversy meets the jurisdictional threshold.  [*See generally* Motion].  Defendant maintains that complete diversity exists and that Plaintiff's economic damages as well as emotional distress and punitive damages would satisfy the amount in controversy required to remain in federal court, and thus that the Court should deny the Motion.  [*See* Opp. at 5–8].

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Thus, federal courts can only hear cases if "there is a valid basis for federal jurisdiction."  *Ayala v. Am. Airlines, Inc.*, No. 2:23-cv-03571, 2023 WL 6534199, at *1 (C.D. Cal. Oct. 6, 2023) (citing *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991)).

A defendant may remove the case to federal court if the case could have been brought originally in federal court.  28 U.S.C. § 1441(a).  If a plaintiff contests the removability of an action, the burden is on the removing party to show by a preponderance of the evidence that the requirements for removal were met.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  "Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between 'citizens of different States.'"

*Jimenez v. General Motors*, LLC, No. 2:23-cv-06991, 2023 WL 6795274, at *2 (C.D. Cal. Oct. 13, 2023).

If there is any doubt as to the right to removal, a court must remand the action to state court.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Gaus*, 980 F.2d at 566).

## III.  DISCUSSION

Although Plaintiff suggests that there is no complete diversity of citizenship, the Court notes that there is no indication in the Motion that provides any evidence to suggest Plaintiff is not a citizen of California.  [*See* Motion].  Moreover, Plaintiff has not specifically contested his citizenship nor provided any evidence to suggest he is a citizen of either state in which Defendant is a citizen.  Thus, the Court finds that the Complaint's reference to Plaintiff's residence being in the state of California is sufficient at this stage to conclude he is a citizen of California.

Because the Court finds complete diversity of citizenship, the sole dispute between the parties in Plaintiff's Motion to Remand is then whether the amount-in-controversy requirement is met for diversity jurisdiction.  [*See* Motion at 2, 5–9; Opp. at 4–9].

Evidence establishing the amount-in-controversy is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  Where the plaintiff contests the amount alleged in the notice of removal, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Dart*, 135 S. Ct. at 551 (citing 28 U.S.C. § 1446(c)(2)(B)).  Plaintiff does so here.  [*See* Motion at 5–10].

Upon the Court's review of the Complaint, it appears that Plaintiff seeks at least $40,500 in damages, punitive damages, and other penalties.  [*See* Complaint at 24; *see also* Motion at 2, 5–9].  Nevertheless, Defendant disputes this amount and argues that the amount in controversy exceeds $75,000.  [Opp. at 4–9].  To

The Court concludes that Wal-Mart has met its burden of proving the amount-in-controversy requirement.  Defendant alleges in the Notice of Removal that the potential damages Plaintiff may recover in this Action is at least $75,000. [Notice of Removal at 6–11].

Plaintiff seeks to recover for "compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits" as well as "all other sums of money, together with interest on these amounts" that arose from Defendant's alleged conduct.  [Complaint at 23–24].  The Complaint also requests special damages and mental pain, anguish, emotional distress, and loss of earning capacity.  [*Id.* at 23].  The Court interprets this pleading, as Defendant does, as a request for emotional distress damages.

In the Notice of Removal, Defendant posits that Plaintiff's "hourly rate of pay was $22.70, and he was regularly scheduled to work 40 hours a week." [Notice of Removal at 6].  Defendant then estimates that "any judgment in this case will likely be rendered no earlier than November 2027, or 26.5 months from the date of filing."  [*Id.*].  With these assumptions, Defendant calculated that Plaintiff "could be entitled to approximately two and one-half years of back pay, plus another two and one-half years of front pay . . . for a total of $129,844 in economic damages."  [*Id.* at 7].  To support these figures, Defendant attaches an attorney declaration.  [*See* Dkt. No. 1-2].

Based on the Motion, Plaintiff does not seem to oppose this figure.  [Motion at 5].  Instead, Plaintiff objects to Defendant's estimation of Plaintiff's lost wages because it does not consider Plaintiff's duty to mitigate.  [*Id.*].  Plaintiff cites to California caselaw requiring plaintiffs to take reasonable steps to mitigate their damages.  [*Id.*].

However, mitigation of damages (or a plaintiff's failure to do so) constitutes an affirmative defense.  *See Mize-Kurzman v. Marin Comm. College Dist.*, 136 Cal.Rptr.3d 259, 291 (Cal. Ct. App. 2012).  The Ninth Circuit has held that potential affirmative defenses do not reduce the amount in controversy for purposes of establishing federal jurisdiction.  *See Perez v. Alta-Dena Certified Dairy*, LLC, 647 F. App'x 682, 684 (9th Cir. 2016); *see also Jackson v. Compass Grp. U.S.A., Inc.*, No. CV 19-4678 PSG, 2019 WL 3493991, *4 (C.D. Cal. July 31, 2019) (holding that mitigation of damages is an affirmative defense and therefore not relevant to a determination of the amount in controversy).  Thus, any offset to the amount in controversy as calculated by Defendant from Plaintiff's mitigation efforts cannot be considered by this Court.  The Court, therefore, accepts Defendant's calculation of economic damages in this case as totaling at least $129,844.

Because this measure independently meets the jurisdictional threshold amount, the Court declines to consider the remaining arguments. Plaintiff's Motion to Remand is **DENIED**.

## IV. CONCLUSION

Because Defendant has met its burden to establish the jurisdictional minimum in this action, the Court finds diversity jurisdiction exists over this case. 28 U.S.C. § 1332(a). Thus, the Court finds removal was proper under 28 U.S.C. § 1441(a) and **DENIES** Plaintiff's Motion. [Dkt. No. 8]. The hearing scheduled on January 30, 2026 is **VACATED**.

**IT IS SO ORDERED.**